JULIUS CATLIN, JR., et al., Executors, etc., v. THE TRUSTEES OF TRINITY COLLEGE et. al., Appellants; GEORGE W. CHASE, as County Treasurer, etc., Respondent.

The provision of the Revised Statutes (1 R. S. 388, § 4, sub. 7), exempting from taxation "the personal property of every incorporated company not made liable to taxation on its capital in the fourth title" of the chapter containing it, does not include an incorporated college or religious society.

*It seems* the words "incorporated company" were intended to designate only such business and stock corporations, as by the chapter are, under special circumstances, exempted from taxation on their capital, and do not embrace corporations for religious, literary or charitable purposes not having a capital.

The acts of 1853 and 1857 (Chap. 654, Laws of 1853, and chap. 456, Laws of 1857), which repeal certain sections of said chapter, and so greatly restrict the operation of said provision, do not change the construction of the words "incorporated company," or extend their meaning so as to embrace other corporations than those to which they originally referred.

A religious society, therefore, incorporated under the general act of 1813 (Chap. 60, Laws of 1813), providing for the incorporation of such societies, and a college not specially exempted from taxation by its charter or some special act, are included in the provision of the collateral inheritance tax act (Chap. 713, Laws of 1887), which subjects to the tax imposed by the act all property which shall pass by will to any "body, politic or corporate * * * other than to * * * the societies, corporations and institutions now exempted by law from taxation."

The words "now exempted by law" in said provision refer to exemptions under the laws of this state, and the exemption of a foreign corporation under the laws of the jurisdiction of origin, does not withdraw it from the operation of said act.

Accordingly *held*, that a college incorporated and located in another state was liable to taxation upon a legacy, given by the will of a resident of the state, although by its charter it is exempted from taxation.

(Reported below, 49 Hun, 278.)

(Argued March 5, 1889; decided March 19, 1889.)

APPEAL by defendants, the trustees of Trinity College and the Rector, etc., of St. Paul's Protestant Episcopal Church in the city of Poughkeepsie, from so much of a judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 25, 1888, as directed judgment on a case submitted, adjudging that said defendants were liable to taxation under the Collateral Inheritance Tax Act (Chap. 713, Laws of 1887), upon legacies.

Stephen M. Buckingham, a resident of Dutchess county, died December 1, 1887, leaving a will dated November 5, 1887, and probated January 17, 1888, in and by which, among other things, he provided:

"I also give and bequeath the following legacies:

\*      \*      \*      \*      \*      \*      \*

"To Trinity College, at Hartford, Connecticut, the sum of fifty thousand dollars ($50,000).

"To the rector, wardens and vestrymen of St. Paul's Protestant Episcopal Church in the city of Poughkeepsie and state of New York, the sum of ten thousand dollars; the income whereof shall be applied to general purposes of the parish in the maintenance of the worship of God therein in accordance with the forms and lawful usages of the Protestant Episcopal

Church in the United States, and to the charitable work of the parish."

The legatee, Trinity College, was incorporated in 1823 by the laws of the state of Connecticut, and is located at Hartford in that state. By its charter it is exempted from taxation upon all property granted or given to it and the income thereof, with the limitation that the corporation shall not hold in Connecticut real estate exempt from taxation affording an income of more than $6,000.

St. Paul's Church was incorporated in 1835 under the general act for the incorporation of religious societies (Chap. 60, Laws of 1813), and is located at Poughkeepsie city.

*Luke A. Lockwood* for Trustees of Trinity College, appellants. In construing this statute the legislative intent must be sought for. (*Hudson Iron Co.* v. *Alger*, 54 N. Y. 173, 175.) The college comes within the objects of the law-makers in the use of the language of the exemption clauses. (R. S., chap. 13, title 1, part 1, §§ 1, 4 ; *People* v. *Comrs. of Taxes*, 23 N. Y. 196 ; *People ex rel. Bay State, etc., Co.* v. *McLean*, 80 id. 259 ; 17 Hun, 205 ; *Graham* v. *First Nat. Bk.*, 84 N. Y. 401 ; *Boardman* v. *Bd. of Suprs.*, 85 id. 361.) The exemption of the college comes within the motives of the law-makers. (*Hollis* v. *Drew Theolog. Seminary*, 95 N. Y. 172.) This college can come into this state and take the legacy free of taxes under the law of comity. (*Hollis* v. *Drew Theolog. Seminary*, 95 N. Y. 175 ; *Sherwood* v. *American Bible Society*, 4 Abb. Ct. App. Dec. 227–232 ; *Kerr* v. *Dougherty*, 79 N. Y. 327.) The exemption of stocks owned by literary and charitable societies (§ 4, subd. 6) and all personal property (subd. 7) applies to colleges. (*People ex rel. American Geographical Society* v. *Tax Comrs.*, 11 Hun, 505 ; *People ex rel. Seminary* v. *Barber*, 42 id. 27 ; *N. Y. Infant Asylum* v. *Supervisors*, 31 Hun, 116 ; *People ex rel. Swiss Benevolent Society* v. *Comrs. of Taxes*, 36 id. 314.) An exemption in general terms of all the property of an institution extends only to the property actually used by the institution for its legitimate purposes. (Burroughs on Taxation, §§ 71, 72.)

*Martin Heermance* for Rector, etc., St. Paul's Protestant Episcopal Church, appellants.    This defendant is exempt from taxation on personal property.    (Chap. 713, Laws of 1887, § 1 ; 2 R. S. [7th ed.] 982, subd. 7, § 4 ; *People ex rel Ithaca Savings Bank* v. *Beers,* 67 How. Pr. 222.)    The rule requiring strict construction of statutory exemptions applies only to property used for purposes of private gain, a liberal construction, harmonizing with the policy of the law, is permissible and proper as to property used for literary, benevolent or religious purposes.    (*People ex rel. Am. Geog. Soc.* v. *Tax Comrs.,* 11 Hun, 505 ; *In re Miller,* 5 Dem. 132; 45 Hun, 244.)

*O. D. M. Baker* for respondent.    The rule of construction is that taxation extends to all property ; exemption must be by express and positive enactment and is not allowed by implication.    (*Buffalo City Cemetery* v. *City of Buffalo,* 46 N. Y. 506 ; *Roosevelt Hospital* v. *Mayor, etc.,* 84 id. 115 ; *People ex rel.* v. *Comrs.,* 76 id. 64 ; 82 id. 465 ; *Same* v. *Davenport,* 91 id. 585.)    The expression in the act of 1887 (Chap. 713) "the societies, corporations and institutions now exempted by law from taxation" must be construed strictly.    (*People ex rel.* v. *Comrs.,* 19 Hun, 463, 464.)    At the time of the passage of the act of 1887, "societies" and "institutions" like these two appellants, were not exempted from taxation under the general taxation laws of the state.    (R. S. [7th ed.] 981, §§ 1, 2, 3 ; *Chegary* v. *Mayor,* 13 N. Y. 230 ; *Trinity Church* v. *New York,* 10 How. Pr. 138.)    The legacy to St. Paul's Church is subject to the tax imposed by the act of 1887 in any event.    (*In re Miller,* 5 Dem. 132–138 ; 45 Hun, 244.)    As to property in this state, Trinity College was not "exempted by law from taxation."    (*Brinckerhoff* v. *Bostwick,* 99 N. Y. 190 ; *People ex rel.* v. *McLean,* 80 id. 253, 258 *State Tax on Bonds,* 15 Wall. 319 ; *Carpenter* v. *Comm.,* 17 How. [U. S.] 462 ; *Dartmouth College* v. *Woodward,* 4 Wheat. 518 ; *Home of the Friendless* v. *Rouse,* 8 Wall. 436 ; *Miller* v. *Comm.,* 27 Gratt. 110 ; *Eyre* v. *Jacobs,* 14 id. 422, 424.)    No question of comity

arises here as that must be addressed to and determined by the law-making power of the state. (*People* v. *Fire Assn.*, 92 N. Y. 311.)

ANDREWS, J. The Collateral Inheritance Tax Act (Chap. 713, Laws of 1887), among other things, subjects to its provisions all property which shall pass by will to any "body politic or corporate * * * other than to * * * the societies, corporations and institutions now exempted by law from taxation."

Stephen M. Buckingham, a resident of Dutchess county, died December 1, 1887, leaving a will by which he gave a legacy of $50,000 to Trinity College, a Connecticut corporation incorporated in 1823, located at Hartford in that state, and a legacy of $10,000 to the St. Paul's Protestant Episcopal Church of Poughkeepsie, a religious society in this state, incorporated under the general act for the incorporation of religious societies, passed in 1813. The sole question is, whether these corporations were, at the time of the passage of the act of 1887, " exempted by law from taxation " within the meaning of that act. There is no exemption from taxation of the property of religious corporations organized under the act of 1813 by any provision therein, and the property of St. Paul's Church has not been exempted by any special statute. By a law of the state of Connecticut, passed in 1882, Trinity College is exempted from taxation on the principal and income of its invested funds and on its real estate, within certain limits measured by income. In determining the question presented, it will be convenient, in the first instance, to regard Trinity College as a domestic corporation, governed in respect to its liability to taxation by the same rules which apply to incorporated colleges in this state, not specially exempted from taxation by their charters or special acts.

The law regulating the taxation of corporations, in the absence of special legislation, is to be found in the general statutes of the state. The general rule of taxation is declared

in section 1, title 1, chapter 13, part 1 of the Revised Statutes. That section declares that " all lands and all personal estate within the state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified." By this section all the real and personal estate of corporations is taxable, unless exempted in whole or in part by subsequent provisions of the chapter. When, therefore, a corporation not exempted from taxation by its charter, or some special enactment, but governed by the general law, claims exemption, it must be able to point to some provision in chapter 13, or to some amendment which takes it out of the general rule declared by section 1, above quoted, or else its claim must be disallowed. The counsel for the plaintiffs, conceding this to be the rule, insists that the personal property of incorporated colleges and religious societies in this state is exempted from taxation by the seventh subdivision of section 4 of title 1, chapter 13, which section specifies the property exempt from taxation, the specification in the seventh subdivision being, " the personal property of every incorporated company not made liable to taxation on its capital in the fourth title of this chapter."

This contention assumes that incorporated colleges and religious societies are " incorporated companies " within this subdivision. By reference to this fourth title it will be found that it deals exclusively with the subject of taxation of moneyed or stock corporations, and contains no reference to the taxation of charitable, religious, literary or other corporations or institutions not organized for business purposes, and this class of corporations is not made liable by that chapter to any taxation whatever, either on their real or personal estate. It must follow, therefore, if incorporated colleges, churches and eleemosynary institutions are " incorporated companies " within the meaning of subdivision 7 above quoted, as is claimed by the plaintiffs, then the subdivision operates as an entire and complete exemption from taxation of all the personal property held by such institutions in this state. But on looking at the other subdivisions of section 4, we find special and

limited exemptions of personal property from taxation, which were wholly unnecessary if subdivision 7 was intended to have the broad and sweeping construction which is claimed by the defendants. Subdivision 3 exempts buildings "erected for the use of a college, incorporated academy or other seminary of learning, every building for public worship, every school-house, court-house and jail, and the several lots whereon such buildings are situated, and the *furniture* belonging to each of them." Subdivision 4 exempts "every poor-house, alms-house, house of industry, and every house belonging to a company incorporated for the reformation of offenders, and the real and *personal* property belonging to or connected with the same." Subdivision 5 exempts "the real and *personal* property of every public library." Subdivision 6 exempts "all *stocks* owned by the state or by literary or charitable institutions." The limited exemptions in subdivisions 3 and 6, and the complete exemptions in subdivisions 4 and 5, of the personal property of incorporated institutions mentioned, was a work of supererogation if the legislature intended by subdivision 7 to wholly exempt from taxation the personal property of all such institutions.

But coming more directly to the consideration of subdivision 7, and construing it in the light of the antecedent legislation in this state on the subject of taxation, and also in connection with chapter 4, to which it refers, we are of opinion that the words "incorporated company" used in that subdivision, were intended to designate only business and stock corporations, which by chapter 4 were, under the special circumstances therein stated, exempted from taxation on their capital, and that they do not embrace incorporations not having a capital, or not being moneyed or stock corporations using their capital for the purpose of income or profit. The tax system in the Revised Statutes was a revision of previous legislation perfected by additional provisions recommended by the revisers or adopted by the legislature. Prior to the enactment of the Revised Statutes the general system of taxation was prescribed by chapter 262 of the Laws of 1823.

That act contained provisions for the taxation of corporations which were, to a considerable extent, embodied in the Revised Statutes. The second section partially exempted the property of colleges, incorporated academies, and also buildings for public worship, etc., from taxation. The fourteenth, fifteenth and sixteenth sections provided for the taxation of "incorporated companies receiving a regular income from the employment of capital," and other business corporations, using the phrase "incorporated companies" to designate business corporations only, as is manifest from a reading of those sections.

The general features of the act of 1823 for the taxation of incorporated companies were incorporated into the Revised Statutes as chapter 4, title 12. Chapter 4 is entitled "Regulations concerning the assessment of taxes on incorporated companies, and the commutation or collection thereof." It is sufficient for our present purpose to say that the general scheme of the legislature, as indicated by the provisions of this title, was to subject all moneyed and stock corporations to taxation on their capital, excepting, however, such of those corporations as were not in receipt of any profits or income (§ 9), and also all turnpike, bridge or canal companies whose net annual income did not exceed five per cent of the capital stock paid in, or secured to be paid in (§ 12); and manufacturing and marine insurance companies were permitted to commute their taxes when not in receipt of an actual income of more than five per cent on their capital (§ 11). Having in view this general scheme, it is quite obvious that the phrase "incorporated companies," used in the seventh subdivision of section 4, title 1, referred to business corporations which, by the provisions of title 4, were exempted from taxation on their capital, because in receipt of no income, or of income not beyond a certain amount. These companies, although belonging to the class of moneyed or stock corporations, were not taxable on their capital, or on their stock, and the purpose of subdivision 7 was to exempt their personal property, *eo nomine*, from taxation, and thereby make the intention to exempt them from taxation on personal estate in any form clear and unmistakable. It is plain, we

think, that the phrase "incorporated companies," did not include incorporations for religious, literary or charitable purposes. These words would be quite inapt to describe an incorporated college, or an incorporated church or hospital, or eleemosynary society. This construction renders the different subdivisions of section 4, harmonious and consistent. The acts, chapter 654, of the Laws of 1853, and chapter 456 of the Laws of 1857, repealing sections 9, 11 and 12 and other sections of title 4, chapter 12 of the Revised Statutes, greatly restricted the operation of the seventh subdivision of section 4, title 1, but this did not change the construction of the words "incorporated companies" in that subdivision, or extend their meaning so as to embrace other corporations than those to which they originally referred.

The practical construction by the legislature is in accord with the view that the subdivision does not apply to religious, literary or charitable corporations. The legislature has in numerous instances exempted the real and personal property of particular corporations of this character from taxation. But this has been done under special laws designating the particular corporation intended to be benefited. Reference to a large number of statutes of this character, relating to charitable and other institutions in the city of New York, will be found in the valuable work of Mr. Davies on " System of Taxation," at page 288 ; and the statutes abound in instances of similar legislation affecting charitable and other institutions located in other parts of the state. These special acts were unnecessary so far as they exempted the personal property of the institutions mentioned from taxation, if they were embraced within the phrase "incorporated companies" in subdivision 7 of section 4, title 1, of the Revised Statutes.

It has never been the general policy of the state to wholly exempt the property, either real or personal, of incorporated churches, colleges, or charitable institutions from taxation. There was a limited exemption of real estate and personal property in the Revised Statutes. The policy of complete

exemption, where adopted, has been accomplished through special acts applicable to particular and specified corporations. We know of no general statute exempting the personal property of religious societies or colleges from taxation, and we are of opinion that neither St. Paul's Church nor Trinity College was "exempted by law from taxation" within the collateral inheritance act of 1887.

Trinity College, as has been stated, is exempted from taxation by the law of Connecticut. It has no exemption under the laws of this state; and it seems plain that the words "now exempted by law," in the act of 1887, refer to exemptions under our laws, and that exemption of a foreign corporation from taxation under the laws of the jurisdiction of origin does not withdraw it from the operation of the inheritance tax law. There is certainly no comity which requires that colleges existing under the laws of other states should be placed in a more favorable situation under the act of 1887 than colleges organized under the laws of this state.

We think the judgment is right, and it should be affirmed. All concur.

Judgment affirmed.