*In re* CURTIS' ESTATE.

*(Surrogate's Court, Westchester County.* May, 1889.)

LEGACY TAXES—EXEMPTION—CHARITABLE INSTITUTIONS.

A hospital "for the care and treatment of sick and disabled indigent patients" is an almshouse, within the meaning of 1 Rev. St. N. Y. 388, § 4, subd. 4, exempting from taxation the real and personal property belonging to every "poor-house, house of industry, almshouse," etc., so as to exempt a legacy to it from the legacy taxes provided for in Laws N. Y. 1887, c. 713, which exempts therefrom "societies, corporations, and institutions now exempted by law from taxation."

The will of Abijah Curtis, deceased, gave a legacy of $1,000 to St. John's Riverside Hospital of Yonkers. The support of the hospital is dependent wholly upon voluntary contributions. Frank Curtis and Frederick De Biller, the executors of the will, are prepared to pay the legacy, less the tax to which they claim the legacy is subject, under the provisions of Laws N. Y. 1887, c. 713. This act provides for taxing legacies, and exempts "societies, corporations, and institutions, now exempted by law from taxation," from the taxes therein provided for. The legatee claims it to be exempt from such taxes. An application is made to this court to determine the question.

*Jacob F. Miller,* for executors.  *S. H. Thayer, Jr.,* for legatee.

COFFIN, S. The "St. John's Riverside Hospital" is a benevolent and charitable institution, situated in Yonkers, duly incorporated under chapter 319 of the Laws of 1848. Its object, as declared in its certificate of incorporation, is "to maintain and support a hospital for the care and treatment of sick and disabled indigent patients." By the sixth section of the chapter referred to it was made capable of taking, holding, or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of $10,000. By section 4, 1 Rev. St. p. 388, it is declared that "the following property shall be exempt from taxation:" *First.* All property, real or personal, exempted from taxation by the constitution of the state, or under the constitution of the United States. *Second.* All lands belonging to this state or the United States. *Third.* Every building erected for the use of a college, incorporated academy, or other seminary of learning; every building of public worship; every school-house, court-house, and jail; and the several lots whereon such buildings are situated, and the furniture belonging to each of them. *Fourth.* Every poor-house, house of industry, almshouse, and every house belonging to a company incorporated for the reformation of offenders, and the real or personal property belonging to or connected with the same. *Fifth.* The real and personal property of every public library. *Sixth.* All stocks owned by the state, or by literary or charitable institutions. *Seventh.* The personal estate of every incorporated company not made liable to taxation on its capital by the fourth title of this chapter. Now, poor-houses, almshouses, houses of industry, and houses for the reformation of offenders are all charitable institutions, and thus embraced within the above sixth subdivision; so that, had the testator bequeathed stocks instead of money, the bequest would surely have been exempted from the tax, as stocks are undoubtedly personal property. See section 3, Rev. St., *supra.* It would seem that the subdivision is superfluous, except for the fact that stocks belonging to the state and to literary institutions had not previously been exempted; but, aside from the consideration of subdivision 6, it seems to have been held in *Association* v. *Mayor, etc.,* 104 N. Y. 581, 12 N. E. Rep. 279, that an institution of the character of that under consideration may fairly be considered an "almshouse," and within the provision of subdivision 4, which, as amended by chapter 136 of the Laws of 1866, exempts from taxation "the real and personal property used for such purposes, belonging to or connected with the same." If, therefore, the corporation of this hospital

should have on hand, as alms contributed for the object of its creation, the sum of $1,000 at the time the annual assessment is made for the purpose of taxation, it would clearly be exempt.

In an annual report of the trustees, suppose it appear that the amount of contributions be stated at $3,500, and the amount of expenditures at $2,000; balance in treasury, $1,500. This balance would be personal property belonging to the institution, and to be used for the purposes for which it was created, and consequently exempt from taxation. All of its real and personal property, whether such personal property consist of money, household furniture, or public or corporate stocks, used for the purposes for which it was founded, or connected with such use, are covered by the statutory exemption. It is only where it ceases to be used in such connection that it becomes subject to taxation.

The scope of the opinion in the case of *Catlin* v. *Church*, (recently decided by the court of appeals, and reported in 20 N. E. Rep. 864,) appears to have been in some measure misconceived. There the question related to a legacy given to a church in this state, and to another legacy given to a college in another state, that was free from taxation by the laws of that state, and therefore did not, strictly speaking, involve the precise one here presented; but the court did consider, to a considerable extent, the exemptions provided by the above section 4, with its subdivisions, more especially the seventh, which was particularly urged upon its attention. Among other things, it remarked that "the limited exemptions in subdivisions 3 and 6, and the complete exemptions in subdivisions 4 and 5, of the personal property of incorporated institutions mentioned, was a work of supererogation, if the legislature intended, by subdivision 7, to wholly exempt from taxation the personal property of all such institutions." Here is a distinct recognition of the complete exemption of an almshouse, such as the same court, in 104 N. Y. 581, 12 N. E. Rep. 279, *supra*, declared one similar to this to be; citing with approbation the case of *Society* v. *Commissioners*, 36 Hun, 311, where the objects of the society were declared to be solely for "the purpose of affording pecuniary and other relief to such persons, natives of Switzerland, or of Swiss origin, as may be in the United States and in need of assistance." See, also, *Asylum* v. *Supervisors*, 31 Hun, 116.

It is difficult to discover any distinction, in principle, between institutions supporting by alms colored or white orphans, indigent foreigners, whether well or ill, and "sick and disabled indigent persons." They all equally belong to the almshouse class. Doubtless there are charitable corporations which may not be comprehended within the definition of "almshouse." The primary meaning of the word "hospital," for instance, was an inn, (and from which our modern word "hotel" is derived,) where guests were entertained for compensation. Now the word is more commonly applied to a building founded through charity, where the sick and disabled may be treated solely at their own expense, or at the sole expense of the corporation, which receives only indigent patients, and then has all the attributes of an almshouse, and in either case it becomes, as we understand the term, a charitable institution.

The court of appeals, in *Catlin* v. *Church*, 20 N E. Rep. 864, could have had reference only to the former, where it says the practical construction by the legislature is in accord with the view that the subdivision (7) "does not apply to religious, literary, or charitable corporations," but only to business corporations; and the subsequent remarks should be regarded as having the like application. It is not intended there to say that an almshouse, such as the same court has virtually pronounced this hospital to be, can only be rendered exempt from taxation by a special law, when it is already exempt under subdivision 4. It is, as was well said by the court in 104 N. Y. 581, 12 N. E. Rep. 279, *supra*, "performing a work of pure charity, and is taking upon its own shoulders a portion of the burden that would otherwise fall upon

the public." It would seem a strange anomaly in legislative justice to levy a tax upon contributions voluntarily made, which shield the people from taxation. If these indigent patients cared for in this hospital by a few generous and humane individuals were not so cared for, they would have to be treated and supported at the expense of the county, by the usual method of taxation.

In accordance with these views, it is determined that the legacy in question is not subject to the tax provided by the Laws of 1887, but is to one of the "societies, corporations, and institutions" exempted therefrom.