DYKMAN and PRATT, JJ., concurred.

Order affirmed, with costs and disbursements.

55   167
35ap131

---

IN THE MATTER OF THE PAYMENT OF CERTAIN LEGACIES TO CERTAIN LEGATEES NAMED IN THE LAST WILL AND TESTAMENT OF FREDERICK HERR, DECEASED.

*Collateral inheritance tax — a corporation (a house of industry) whose property is exempt from general tax is not subject to the inheritance tax.*

If money bequeathed by will, after it is obtained, and while it is in the possession of the institution to which it is given, is free from taxation, is also exempt from the collateral inheritance tax.

Although not exempt from taxation by its charter, a corporation, which is a house of industry, is entitled, under subdivision 4 of section 4 of chapter 13 of title 1 of part 1 of the Revised Statutes, to an exemption from taxation of personal property invested for its support and maintenance, and such exemption is not restricted to the furniture of the home or to articles contained therein.

APPEAL by The Wartburg Orphan Farm School of the Evangelical Lutheran Church, a legatee of the last will and testament of Frederick Herr, from that part of the decree of the surrogate of the county of Kings, entered on April 23, 1889, which decrees that said appellant, under the name of the Orphan Asylum of Mt. Vernon, is subject to taxation within the meaning of and under section 1 of

chapter 483 of the Laws of 1885, and section 1 of chapter 713 of the Laws of 1887, and fixing the amount of said tax.

*Jacob F. Miller*, for the Wartburg Orphan Farm School, appellant.

*D. E. Meeker*, for the executors, respondents.

BARNARD, P. J. :

The testator, by his will, gave a legacy of $1,000 to the Orphan Asylum at Mt. Vernon. The legislature by special act incorporated The Deaconess Institution of the Evangelical Lutheran Church by chapter 161, Laws of 1869. The object of the incorporation was to maintain an orphan farm school at Mt. Vernon.

The corporation was subjected to the restriction and was clothed with the privileges provided in the general law for the incorporation of religious and benevolent associations. No exemption from taxation was granted by the charter. The charter was amended by chapter 440, Laws of 1875, and was again amended by chapter 106, Laws of 1884, and the name was changed to the Wartburg Orphan Farm School of the Evangelical Lutheran Church. Neither of these amending acts gave an exemption from taxation. The Wartburg Orphan Farm School was intended to be the corporation to receive the legacy, and the question presented is, whether the legacy is subject to the collateral inheritance tax. There being no general exemption by the charter from taxation, the collateral tax is chargeable, unless there be a special exemption from the operation of the collateral tax law. (*Catlin* v. *Trustees of Trinity College*, 113 . N. Y., 133.) This special exemption is clearly made in title 1, chapter 13, section 4, subdivision 4, part 1 of the Revised Statutes.

This section reads as follows: " The following property shall be exempt from taxation: * * * 4. Every poor-house, alms-house, house of industry, and every house belonging to a company incorporated for the reformation of offenders, or to improve the moral condition of seamen, and the real and personal property used for such purposes belonging to or connected with the same."

If this appellant, being clearly a house of industry, had personal property invested for the support and maintenance of this orphan home, it would be free from taxation under this subdivision. There is no reason why the general money or personal property used for the purposes of the incorporation should be restricted to the

furniture of the home or to specific articles contained therein. The fact that the legislature in exempting schools and colleges only exempted "the furniture belonging to each of them" shows that a larger exemption was designed by this section 4. For a school, the building and its furniture is sufficient, but for a home for orphans, who were to be clothed and maintained, something more was needed, and the legislature met this need by the personal property used for the purposes of its support.

In the next subdivision, 5, a complete exemption of libraries is made by the use of the same language as that contained in subdivision 4. Subdivision 5 exempts "the real and personal property of every public library."

If the money is free from taxation after it is obtained, then, under this collateral tax law, it is free from the collateral tax of five per cent, for the Orphan Home was exempted by law from taxation, under chapter 713, Laws of 1887. This seems to be the true construction of section 4, subdivision 4 of the title and chapter of the Revised Statues cited above.

The decree should, therefore, be reversed, with costs to each party out of the estate.

Dykman, J., concurred; Cullen, J., dissented.

Part of decree appealed from reversed, with costs to each party out of the estate.