Conviction and judgment affirmed.

---

In the Matter of the Estate of EDGAR M. VAN KLEECK, Deceased ; ISAAC W. SHERRILL, as County Treasurer of Dutchess County, Appellant ; CHRIST CHURCH OF POUGHKEEPSIE, Respondent.

*Legacy, given to build a church — not liable to the collateral inheritance tax.*

A testator, by his will, directed his executor, after the death of his wife, to pay "to Christ Church of Poughkeepsie $10,000 toward the building of a new church, or the renovation of the present one." Subsequent to the testator's death, and during the wife's lifetime, in anticipation of the payment of this sum of money, a new church edifice was built by means of borrowed money.

*Held,* that this $10,000 was not liable to the collateral inheritance tax, although, as the church had no general exemption from taxation, if the gift had been an absolute one to it, and had not been made for the purpose of building a new church or repairing the old one, it would have been liable to the tax.

APPEAL by Isaac W. Sherrill, county treasurer of Dutchess county, from an order of the surrogate of Dutchess county, dated and entered in his office on the 16th day of July, 1889, and particularly from so

much of said order as holds or decides that there is to be no collateral inheritance tax assessed upon the legacy of $10,000 to Christ Church of Poughkeepsie, and that said legacy is exempt from such tax.

*Martin Heermance*, for county treasurer, appellant.

*Robert E. Taylor*, for Christ Church, respondent.

BARNARD, P. J.:

The testator died on the 6th of January, 1887. By his will he directed a fund of $40,000 to be set apart, and the income thereof to be paid quarterly to his wife during her life. The wife is still living. After her death the will directs his executor to pay "to Christ Church of Poughkeepsie $10,000 towards the building of a new church or the renovation of the present one." Since the testator's death the church has built a new church edifice, and has paid for the same, using this remainder for this purpose, by a loan of said sum in anticipation of its payment over after the life estate ceases. The question presented is whether this $10,000 is liable to the collateral inheritance tax. The Revised Statutes provide that every building for public worship, and the lot on which it is built, and the furniture belonging to it, shall "be exempt from taxation." (2 R. S. [Throop's 7th ed.], 982, § 3.)

The collateral tax law (chapter 713, Laws of 1887) imposes a tax of five per cent on all gifts by will to corporations other than such gifts when made to corporations " now exempted by law from taxation." The church in question has no general exemption from taxation, and if the gift was an absolute one, and not for the purpose of building a new church or repairing the old one, the case would be embraced in *Catlin* v. *Trustees, etc.* (113 N. Y., 133).

The question, therefore, in this case is, whether a gift for a new church, which is exempt, falls within the exemption of the collateral tax law, which exempts this corporation from taxation upon this new church. The church takes as trustee for a specific purpose, and there was no need of the testator directing his executor to build the church, in order to make the subject of the gift exempt as a church edifice after the money has been put in it.

A valid trust is not affected by the fact that the beneficiary is appointed trustee. When the church takes the money it gets no title other than a trust title until the money is put into a new building or used on the old one. The spirit of the collateral inheritance tax is in favor of the exemption. Property is directed to be exempt from taxation, and when this $10,000 became property in the hands of the church it was to a church edifice and exempt " by law."

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Order of surrogate affirmed, with costs.