### *In re* LENOX'S ESTATE.

*(Surrogate's Court, New York County.* April 17, 1890.)

1. LEGACY TAX—EXEMPTIONS—ALMSHOUSES.

A home for aged women, which charges board for its inmates, is not an "almshouse," so as to exempt a legacy to it from the legacy tax.

2. SAME—PURE CHARITY.

An association to improve the condition of the poor, which dispenses its benefits without any charge whatever, and keeps a place where money is disbursed to the needy, is an almshouse, within the definition of a "pure charity," so as to exempt a legacy to it from the legacy tax, although it has no house where the poor are lodged.

**3. SAME—PUBLIC LIBRARIES.**

Under Laws N. Y. 1870, c. 2, § 8, declaring the real and personal property of the Lenox Library to be exempt from taxation, in the same manner as that of the other corporated public libraries of New York state, a bequest to that institution is not subject to the legacy tax.

Henrietta A. Lenox made several bequests to institutions. The question presented is whether these legacies are subject to taxation, under the collateral inheritance act.

*Townsend, Dyett & Einstein,* for the Presbyterian Home for Aged Women in the city of New York. *John E. Parsons,* for the Board of Home Missions of the Presbyterian Church, etc. *Bangs, Stetson, Tracy & MacVeagh,* for the American Bible Society. *Hamilton Odell,* for the executors. *Strong & Cadwalader,* for the New York Association for Improving the Condition of the Poor. *B. F. Dos Passos,* for the District Attorney. *Theodore W. Myers,* for the comptroller.

RANSOM, S. The district attorney objects to the report of the appraiser because he has failed to report as subject to the collateral tax legacies to the Lenox Library, Board of Home Missions and Board of Foreign Missions of the Presbyterian Church. Counsel for the New York Association for Improving the Condition of the Poor and for the Presbyterian Home for Aged Women object to the report because the appraiser has reported the legacies to these two institutions as subject to the tax. Each claims exemption as an almshouse. The American Bible Society objects also, and claims exemption under an order of my predecessor, entered December 30, 1887, declaring it exempt. This order was entered without notice to the comptroller, and under my ruling in *Re Hochster,*[1] Surr. Dec. 1889, p. 354, the comptroller, not having notice, is not bound by the order. Under the decision in *Catlin* v. *Trustees,* 113 N. Y. 133, 20 N. E. Rep. 864, the legacy to the American Bible Society is subject to the tax. The Presbyterian Home for Aged Women charges board for the persons admitted to the home. I have repeatedly held that, where inmates of such institutions are required to pay for any of the benefits received, the institution is not an almshouse, not being appropriated wholly for the poor, and is therefore subject to the tax. The trustees of the general assembly of the Presbyterian Church, though appearing upon the motion day and obtaining time to file affidavits, etc., if they desired, have not availed themselves of this privilege. This corporation is subject to the tax. *Catlin's Case, supra.* By chapter 2 of the Laws of 1870, the Lenox Library was incorporated. By section 8 of said chapter, the property, real and personal, of the said corporation is declared to be exempt from taxation, in the same manner as that of the other incorporated public libraries of this state; thus meeting the requirements of the *Catlin Case,* and the appraiser was right in not reporting it as subject to the tax. The Boards of Home and Foreign Missions of the Presbyterian Church each claim exemption under orders of a former surrogate. An appeal from those orders is now pending. It is unnecessary, therefore, to consider the question. The New York Association for Improving the Condition of the Poor presents strong claims for exemption. It is a pure charity, dispensing its benefits without any charge whatever. The fact that it has no house where the poor are lodged does not seem to me to take it out of the almshouse class. It keeps a place where money is disbursed to the needy, and, while it does not furnish lodgings, it provides the means therefor. I think it is exempt. Submit appropriate order.

[1] Order restoring cause to calendar for July 11, 1889, not reported.