In The Matter of the Estate of EDGAR M. VAN KLEECK, Deceased.

ISAAC W. SHERRILL, as County Treasurer, etc., Appellant, v. CHRIST CHURCH OF POUGHKEEPSIE, Respondent.

*Court of Appeals, June 24, 1890.*

Reversing, 55 Hun, 472.

1. *Collateral Inheritance tax. Churches.*—Money, bequeathed to a church to be used for the building or renovation of a church edifice, cannot be treated as real estate, and the bequest is subject to the collateral inheritance tax.
2. *Same.*—Chap. 398 of Laws of 1890, is prospective in its operation and does not apply to a tax which became due and payable before its passage.

Appeal from an order of the general term of the supreme court, affirming on order of the surrogate declaring a bequest free from the collateral inheritance tax.

*Martin Heermance,* for appellant.

*Robert E. Taylor,* for respondent.

EARL, J.—Edgar M. Van Kleeck died on the 6th day of January, 1887, leaving a will which, among other things, provided as follows :

" I direct my executors   *   *   *   to purchase $40,000 of United States four per cent. government bonds, *i. e.,* bonds representing at par $40,000,   *   *   *   and to pay the income and interest thereof to my wife quarterly during her life, and upon her death to distribute and pay over said bonds, or the proceeds thereof, as follows: To Christ Church of Poughkeepsie, $10,000 towards the building of a new church or the renovation of the present one :   *   *   *."

The county treasurer of Dutchess county claimed the collateral inheritance tax upon the legacy of $10,000 to Christ Church.

The surrogate holds that the church was not liable to pay the tax, and from his order the county treasurer appealed to the general term of the supreme court, where the order was affirmed, upon the ground, as appears from the opinion there pronounced, that the $10,000 should be treated as if actually a church edifice, and that it was, therefore, exempt from taxation under the Revised Statutes, part 1, chap. 13, title 1, § 4, which provide that " every building for public worship " shall be exempt from taxation.

While the 10,000 was bequeathed to the church to be used for the building or renovation of a church edifice, it cannot be treated as real estate, but the interest of the church therein is personal property to be applied to the purpose mentioned in the will, and by no rule of equitable conversion can it become real estate until it has been actually invested in the real estate as directed.

It must therefore be treated to all intents and purposes as a legacy of money, and the sole question for our determination is whether it is exempt from taxation under § 1 of chapter 483 of the Laws of 1885, which provides, in substance, that all property which shall pass by will, other than to or for the use of certain persons named, and the " societies, corporations and institutions now exempt by law from taxation," shall be subject to a tax of five dollars on every $100. At the time of the death of the testator, and also at the time when this tax was claimed, and the liability of the church to pay it was under consideration by the courts below, there was no law which exempted a church society from taxation. Christ Church was not, as such, exempt from taxation. The only exemption that could be claimed for it was an exemption of any building used by it for public worship, and that did not constitute a general exemption of the church from taxation, within the meaning of the collateral

inheritance act.   Catlin *v.* Trustees of Trinity College, 113 N. Y. 133 ; 22 N. Y. State Rep. 189.

This church was therefore liable to pay this tax unless it can claim exemption under the act, chapter 398 of the Laws of the present year.   That act provides that the personal estate of certain corporations, among which are religious corporations, shall be exempt from taxation, and that the collateral inheritance act shall not apply to them.   It is true that the state could by an act of the legislature duly passed release taxes already due.   But legislative acts are always construed as prospective in their operation unless by their plain language it can be seen that it was the legislative intention that they should have retroactive effect.   This act was clearly prospective in its operation, and applied only to the future, and as this tax became due and payable before its passage, it may still be enforced in the manner provided in the collateral inheritance act.

We are therefore of opinion that the orders of the surrogate and of the general term should be reversed, with costs of the appeal to the general term and to this court.

All concur, except ANDREWS, J., absent.