IN THE MATTER OF THE APPLICATION OF THE BOARD OF FOREIGN MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES, IN THE ESTATE OF HENRIETTA A. LENOX, DECEASED.

IN THE MATTER OF THE APPLICATION OF THE BOARD OF HOME MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES, IN THE ESTATE OF HENRIETTA, A. LENOX, DECEASED.

THE PEOPLE OF THE STATE OF NEW YORK AND THE COMPTROLLER OF THE CITY OF NEW YORK, APPELLANTS, *v.* ALEXANDER MAITLAND AND OTHERS, AS EXECUTORS AND OTHERS, RESPONDENTS.

*The Board of Foreign Missions and Board of Home Missions of the Presbyterian Church are not exempt from the collateral inheritance tax.*

The Board of Foreign Missions of the Presbyterian Church, created by chapter 187 of the Laws of 1862, is liable, under chapter 483 of the Laws of 1885, to the collateral inheritance tax upon a legacy bequeathed to it, as such board is

not exempt from taxation by the act under which it is created, nor does it fall within any of the general classes of exemption from taxation specified in the general statutes of the State.

The Board of Home Missions of the Presbyterian Church created by chapter 287 of the Laws of 1872, is also liable to such collateral inheritance tax for the same reason.

APPEAL by the People of the State of New York and the Comptroller of the City and County of New York from an order of the Surrogate of the county of New York, made and entered in the above-entitled proceeding on the 17th day of October, 1887, in the office of said surrogate, directing the executors under the will of Henrietta A. Lenox, deceased, to pay over to the Board of Foreign Missions of the Presbyterian Church the sum of $2,500.

Also an appeal by the same parties from a like order of the said surrogate, entered on the 17th day of October, 1887, in the office of said surrogate, directing the executors under the will of Henrietta A. Lenox, deceased, to pay over to the Board of Home Missions of the Presbyterian Church the sum of $2,500.

IN THE MATTER OF THE BOARD OF FOREIGN MISSIONS:

*Benj. F. Dos Passos,* for the People, appellant.

*Hamilton Odell,* for the executors and others, respondents.

DANIELS, J.:

The testatrix by her will, which has been duly admitted to probate, bequeathed the sum of $50,000 to the Board of Foreign Missions, the petitioner in this proceeding. The sum of $47,500 of the legacy has been paid to the board, but the residue was withheld under the authority of chapter 483 of the Laws of 1885, for the payment of the collateral inheritance tax. The board considered that to be unauthorized and petitioned the surrogate to direct the payment to it of this residue. And on the hearing of the petition an order was made directing that payment. And it is from that order that the appeal has been brought. And it rests wholly upon the question whether the legacy was liable to the payment of this tax.

The first section of the act has exempted certain devises and bequests from the payment of the collateral inheritance tax, made payable by its provisions. Among these are, " the societies, corpora-

tions and institutions now exempted by law from taxation." And if the petitioner was not exempt from taxation, then its legacy was liable to pay this tax, and the order of the surrogate directing the payment of the amount to the board was made without authority.

The board was incorporated by chapter 187 of the Laws of 1862. But this act did not exempt it from taxation. And its claim to such exemption must depend upcn the general statutes of the State. The exemptions which have been thereby declared are contained in volume 1 of the Revised Statutes ([6th ed.], 932–934, §§ 5–16). Those relating to colleges, seminaries of learning and religious organizations are contained in subdivision 3 of section 5, as that has been amended by chapter 397 of the Laws of 1883. But this subdivision, as it has been amended, does not include the case of the petitioner. It is expressly restricted to the creation of other and different exemptions, nor is the petitioner exempt from taxation under subdivision 7 of that section, exempting corporations not made liable to taxation on their capital by the fourth title of the same chapter. That subdivision was considered and construed in the case of *Catlin* v. *Trustees, etc.* (113 N. Y., 133). And the construction then given to it limited it to certain business and stock corporations, excluding all those of the description of the petitioner. Under neither of these provisions has this board been exempted from taxation. And no other has been made by which exemption from taxation has been secured to it. Consequently it must follow from the general provision, declaring all lands and personal estate liable to taxation, which has not been thereafter exempted (1 R. S. [6th ed.], 931, § 1), that this legacy was liable to the collateral tax mentioned in the first section of the act of 1885.

The order should, therefore, be reversed, with ten dollars costs and the disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements.

In the Matter of the Board of Home Missions.

Daniels, J. :

The Board of Home Missions of the Presbyterians Church in the United States was created a corporation by chapter 287 of the Laws

of 1872. But the act did not exempt it from liability to taxation under the general laws of the State.

A legacy of $50,000 was given to this board by the will of the testatrix Henrietta A. Lenox. And the executors paid the sum of $47,500 of the amount to the board, reserving the residue for the collateral inheritance tax. The board considered that to be unauthorized and petitioned the surrogate for an order directing the payment to it of this reserved amount. And the surrogate made the order from which the appeal has been brought.

This board has not been exempted from taxation by any law of the State. In that respect it stands precisely as the Board of Foreign Missions does, whose case has been already examined. And for the reasons then given, the order made on the application of this board should be reversed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements.