### In re BOARD OF FOREIGN MISSIONS.

### In re LENOX'S ESTATE.

*(Supreme Court, General Term, First Department.    October 24, 1890.)*

DESCENT AND DISTRIBUTION—TAXATION OF LEGACIES.
Under the New York statute taxing collateral inheritances, (Laws 1885, c. 483,) the Board of Foreign Missions of the Presbyterian Church is subject to taxation on a legacy, it not being exempted by provisions of its charter, or falling within any of the exemptions of the act.

Appeal from surrogate's court, New York county.

This is an appeal by the people and the comptroller of the city and county of New York from an order directing the executors of the estate of Henrietta A. Lenox to pay $2,500 to the Board of Foreign Missions of the Presbyterian Church of the United States.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John R. Fellows,* Dist. Atty., (*Benj. F. Dos Passos,* of counsel,) for appellants.    *Hamilton Odell,* for respondents, executors.    *John E. Parsons,* for respondent, Board of Foreign Missions.

DANIELS, J.    The testatrix by her will, which has been duly admitted to probate, bequeathed the sum of $50,000 to the Board of Foreign Missions, the petitioner in this proceeding.    The sum of $47,500 of the legacy has been paid to the board, but the residue was withheld, under the authority of chapter 483 of the Laws of 1885, for the payment of the collateral inheritance tax.    The board considered that to be unauthorized, and petitioned the surrogate to direct the payment to it of this residue, and on the hearing of the petition an order was made directing that payment, and it is from that order that the appeal has been brought, and it rests wholly upon the question whether the legacy was liable to the payment of this tax.    The first section of the act has exempted certain devises and bequests from the payment of the collateral inheritance tax, made payable by its provisions.    Among these are "the societies, corporations, and institutions now exempted by law from taxation."    And, if the petitioner was not exempt from taxation, then its legacy was liable to pay this tax; and the order of the surrogate, directing the payment of the amount to the board, was made without authority.    The board was incorporated by chapter 187 of the Laws of 1862.    But this act did not exempt it from taxation, and its claim to such exemption must depend upon the general statutes of the state.    The exemptions which have been thereby declared are contained in 1 Rev. St. (6th Ed.) p. 932, §§ 5–16.    Those relating to colleges, seminaries of learning, and religious organizations are contained in subdivision 3 of section 5, as that has been amended by chapter 397 of the Laws of 1883.    But this subdivision, as it has been amended, does not include the case of the petitioner.    It is expressly restricted to the creation of other and different exemptions.    Nor is the petitioner exempt from taxation under subdivision 7 of that section, exempting corporations not made liable to taxation on their capital by the fourth title of the same chapter.    That subdivision was considered and construed in the case of *Catlin* v. *Trustees, etc.,* 113 N. Y. 133, 20 N. E. Rep. 864; and the construction then given to it limited it to certain business and stock corporations, excluding all those of the description of the petitioner.    Under neither of these provisions has this board been exempted from taxation, and no other has been made

by which exemption from taxation has been secured to it. Consequently it must follow, from the general provision declaring all lands and personal estate liable to taxation which have not been afterwards exempted, (1 Rev. St., 6th Ed., p. 931, § 1,) that this legacy was liable to the collateral tax mentioned in the first section of the act of 1885. The order should therefore be reversed, with $10 costs, and the disbursements. All concur.