In the Matter of the Legacy and Inheritance Tax on the Estate of S. MARETTA THRALL, Deceased.

ISAAC R. CLEMENTS et al., as Executors, and the CITY OF MIDDLETOWN, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.

1. TRANSFER TAX — EXEMPTION OF MUNICIPAL CORPORATIONS. By force of the provisions of the Tax Law of 1896 (Ch. 908), testamentary transfers to municipal corporations of property held or to be held for a public use within the corporate limits are exempt from the transfer tax.

2. BEQUEST TO MUNICIPAL CORPORATION FOR PUBLIC LIBRARY. A bequest to a municipal corporation of a sum of money for the construction, within the corporate limits, of a library building to be open to the public is exempt from transfer tax under the Tax Law of 1896.

*Matter of Thrall*, 30 App. Div. 271, modified.

(Argued October 3, 1898; decided October 18, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 14, 1898, modifying a decree of the Surrogate's Court of Orange county fixing a transfer tax upon the estate of S. Maretta Thrall, deceased.

By her will the decedent left a legacy to the city of Middletown, which the decree exempted from the tax. The decree also exempted the sum of $3,500 allowed to the executors for the probable expenses of an action brought by them individually and in their representative capacity for a construction of the will. The Appellate Division reversed the decree in both of these particulars.

Further facts are stated in the opinion.

*John C. R. Taylor* for the city of Middletown, appellant. The legacy to the city was exempt from taxation. (L. 1896, ch. 908, § 4; *Matter of Vassar*, 127 N. Y. 1; *Inhab. of Town of Essex* v. *Brooks*, 41 N. E. Rep. 119.) As it relates to the facts in this case, this act should be construed liberally in favor of the city. (*Matter of Enston*, 113 N. Y. 174; *Matter of McPherson*, 104 N. Y. 306–317; *Matter of Vassar*, 127 N. Y. 1.)

*Daniel Finn* for executors, appellants. The $3,500, allowed by the surrogate as a part of the testamentary expenses of the decedent's estate, was properly allowed. (*Matter of Westurn*, 152 N. Y. 93; *Matter of Gould*, 19 App. Div. 352.) The legacy to the city of Middletown was properly exempted from the tax. (L. 1896, ch. 908, § 4; 2 Cooley on Taxn. 172, 202; *Drury* v. *Natick*, 10 Allen, 169; *Inhab. of Town of Essex* v. *Brooks*, 41 N. E. Rep. 119; 1 R. S. tit. 1, ch. 13, § 4, subd. 5; L. 1897, ch. 284; *Matter of Enston*, 113 N. Y. 174; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People ex rel.* v. *Bd. Assessors*, 111 N. Y. 505; 1 R. S. 387; *Matter of Whiting*, 150 N. Y. 27; *Matter of Sherman*, 153 N. Y. 1; *Darlington* v. *Mayor, etc.*, 31 N. Y. 164; *Leonard* v. *City of Brooklyn*, 71 N. Y. 498; *Matter of Vassar*, 127 N. Y. 1.)

*Howard Thornton* for respondents. In deducting from the amount liable for taxation the sum of $3,500, the estimated expenses of the action brought to construe the will, the surrogate erred. (*Matter of Verplanck*, 91 N. Y. 439, 450; *Riggs* v. *Cragg*, 89 N. Y. 479; *Purdy* v. *Hayt*, 92 N. Y. 446; *Hart* v. *Ashley*, 117 N. Y. 606; *Matter of Van Nostrand*, 3 Misc. Rep. 396; *Matter of Quinn*, 16 Misc. Rep. 651; *Matter of Westurn*, 152 N. Y. 93; *Lines Estate*, 155 Penn. St. 378; Redf. on Surr. 454; *Matter of Bailey*, 47 Hun, 477; *Shields* v. *Sullivan*, 3 Dem. 296.) The legacy to the city of Middletown is subject to a tax. (*Matter of Cullum*, 145 N. Y. 593; *Matter of Swift*, 137 N. Y. 77; *Matter of Merriam*, 141 N. Y. 479; *Matter of Hamilton*, 148 N. Y. 310; L. 1897, ch. 908, § 220; L. 1887, ch.

713, § 1.) The Tax Law of 1896 does not aid the appellants. (*Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 506; *Roosevelt Hospital* v. *Mayor, etc.*, 84 N. Y. 115; *People ex rel.* v. *Comrs.*, 76 N. Y. 64; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People ex rel.* v. *Assessors*, 111 N. Y. 505; *City of Rochester* v. *Coe*, 25 App. Div. 300.)

HAIGHT, J. S. Maretta Thrall was a resident of the city of Middletown and died, leaving a last will and testament, in which she bequeathed to the city the sum of $30,000 for the construction of a library building to be open to the public. The surrogate of the county, in his decree fixing the amount of the transfer tax that should be paid, held that this legacy was exempt. The Appellate Division reversed the decree in this particular, holding that the legacy was not exempt from the tax.

Prior to the revision of the tax laws of the state, of 1896, chapter 908, cities to which bequests had been made under wills were chargeable with the transfer tax. This question was settled by our decision in *Matter of Hamilton* (148 N. Y. 310). The question now is as to whether the statute has been so changed as to relieve cities from the payment of the transfer tax on bequests of this character. The *Hamilton* case arose under the Collateral Inheritance Tax Law of 1887, chapter 713, by which the tax was imposed on "all property which shall pass by will * * * to any body politic or corporate, * * * other than to * * * the societies, corporations and institutions *now exempted by law from taxation.*" Under the laws then in force there was no provision of the statutes that exempted municipal corporations from taxation, and consequently it was held that they were not relieved from the payment of the transfer or inheritance tax. The decision in the *Hamilton* case proceeds upon the theory that the right to impose taxes is a part of the sovereign power of the state, which is not extended to the property of the state or of its civil or municipal divisions; that a city is not taxable for the reason that it is a part of the state, and not because it is exempt by the provis-

ions of any statute. Under the changed provisions of the statute the reasons given for the decision in the *Hamilton* case no longer exist. In 1896 there was a general revision of all the tax laws of the state, including the Collateral Inheritance Tax, now known as the Transfer Tax. Under the revision there may be no material change in the Transfer Act as to exemptions, but we find a very material change with reference to the general taxation of property. By section three of the act it is provided that "All real property within this state, and all personal property situated or owned within this state, is taxable unless exempt from taxation by law." We here have an express declaration of the statute, that all property within the state, real or personal, is taxable unless exempt. This provision was evidently intended to cover state and municipal property, for, in the next section, the statute proceeds to specify the property that shall be exempt from taxation. " 1: Property of the United States. 2. Property of this state other than its wild or forest lands in the forest preserve. 3. Property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation." We now have a statute taxing the property of municipal corporations, except such portion thereof as is held for a public use within the corporate limits, which, by the express provisions of the statute, is exempt from taxation. It appears to us that cities are now brought clearly within the provisions of the Transfer Act, and are exempt as to property held or to be held for a public use within the corporate limits.

As to the other item brought up for review, we agree with the conclusion reached by the Appellate Division.

The order of the Appellate Division should be reversed, in so far as it modified the decree of the surrogate with reference to the transfer tax on the bequest to the city of Middletown, and the decree of the surrogate in that particular affirmed ; in other respects, the order of the Appellate Division should be affirmed, without costs of this appeal to either party.

All concur.

Ordered accordingly.