In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of CHARLES P. HUNTINGTON, Deceased.

THE NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED et al., Appellants; THE COMPTROLLER OF THE CITY OF NEW YORK, Appellant and Respondent; ROOSEVELT HOSPITAL et al., Respondents.

TAX — LEGACIES TO CHARITABLE CORPORATIONS AND ASSOCIATIONS SUBJECT TO TRANSFER TAX — ART. 1, § 4, SUBD. 7 OF TAX LAW (L. 1896, CH. 908) CONSTRUED — EFFECT OF L. 1900, CH. 382.  The provisions of subdivision 7 of section 4 of article 1 of the Tax Law (L. 1896, ch. 908), exempting the property of charitable corporations and associations from taxation, supersede and by implication repeal the provisions of all special acts exempting the property of such corporations and associations, and legacies to them, as well as to all such corporations and associations claiming exemptions under subdivision 7, vesting after chapter 382 of the

Laws of 1900, amending article 10 of the Tax Law, relating to the tax upon transfers of property, took effect, are subject to the transfer tax, since such statute provides that the exemptions enumerated in section 4 of the Tax Law shall not be construed as applicable in any manner to the provisions of article 10 imposing such transfer tax.

*Matter of Huntington,* 62 App. Div. 96, modified.

(Argued September 30, 1901; decided November 12, 1901.)

APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, made June 7, 1901, by the comptroller of the city of New York from so much thereof as affirmed that part of an order of the Surrogate's Court of the county of New York which adjudged that a legacy of $20,000 given by the will of Charles P. Huntington, deceased, to the Roosevelt Hospital, and a like legacy to the Children's Aid Society, severally, to be exempt from the transfer tax. By the New York Society for the Relief of the Ruptured and Crippled and the American Female Guardian Society and Home for the Friendless, each for itself, from so much of said order as reversed that part of the order of the Surrogate's Court as adjudged a like legacy of $20,000 to each appellant exempt, and thereupon adjudged such legacy to each appellant to be subject to the transfer tax.

The facts, so far as material, are stated in the opinion.

*Edward W. Sheldon* for New York Society for the Relief of the Ruptured and Crippled, appellant. The amendment of 1900 did not subject legacies to charitable corporations to the transfer tax. (*Matter of Prime,* 136 N. Y. 347; *Matter of N. Y. Inst.,* 121 N. Y. 234; *Catlin* v. *Trustees of Trinity College,* 113 N. Y. 133; *Matter of Merriam,* 141 N. Y. 479; *Matter of Hamilton,* 148 N. Y. 310; *Matter of McPherson,* 104 N. Y. 306; *Matter of Thrall,* 157 N. Y. 46; *People ex rel.* v. *Peck,* 157 N. Y. 51; *People ex rel.* v. *Dederick,* 158 N. Y. 414; *Matter of Hoffman,* 143 N. Y. 329.) When any doubt exists as to liability to the transfer tax, the doubt should be resolved in favor of the person sought to be taxed.

(*Matter of Harbeck*, 161 N. Y. 211; *Matter of Fayerweather*, 143 N. Y. 114; *Matter of Enston*, 113 N. Y. 174; *Matter of Bronson*, 150 N. Y. 6; *Matter of Vassar*, 127 N. Y. 1; *Matter of Stewart*, 131 N. Y. 274; *United States* v. *Wigglesworth*, 2 Story, 369; *United States* v. *Watts*, 1 Bond, 580; *Partington* v. *Atty.-Gen.*, L. R. [4 H. L.] 100; *Matter of James*, 144 N. Y. 6.)

*William A. Thompson* and *J. Van Vechten Olcott* for the American Female Guardian Society and Home for the Friendless, appellant. To impose any tax upon a purely charitable institution is contrary to the policy of the state. (*Matter of Prime*, 136 N. Y. 347.) If there is any doubt as to whether chapter 382 of the Laws of 1900 operates to subject the American Female Guardian Society and Home for the Friendless to a tax upon the transfer of the legacy of $20,000, it should be resolved in favor of the society. (*Assn. for Colored Orphans* v. *Mayor, etc.*, 104 N. Y. 581; *Matter of Curtis*, 7 N. Y. Supp. 207.)

*Jabish Holmes, Jr.*, and *Julius Offenbach* for the comptroller of the city of New York, appellant and respondent. The New York Society for the Relief of the Ruptured and Crippled and the American Female Guardian Society and Home for the Friendless only claim to be corporations exempt from taxation under subdivision 7 of section 4 of the General Tax Law, and neither corporation can avail itself of this exemption to escape the payment of the transfer tax, since the passage of chapter 382 of the Laws of 1900, providing that the exemptions of section 4 of the General Tax Law shall not apply in any manner to the transfer tax. (*Matter of Howell*, 34 Misc. Rep. 40; *Matter of Crouse*, 34 Misc. Rep. 670; *Matter of N. Y. D. Ry. Co.*, 107 N. Y. 54; *Matter of Herr*, 55 Hun, 167; *Lenox Estate*, 9 N. Y. Supp. 895; *Matter of Curtis*, 25 N. Y. Supp. 1028; *Matter of Miller*, 5 Dem. 132; *Church* v. *People*, 6 Dem. 154; *Matter of Hunter*, 22 Abb. [N. C.] 24; *Matter of Jones*, 22 Abb. [N.

26

C.] 50.) The Roosevelt Hospital and the Children's Aid Society are subject to the transfer tax. (*City of Rochester* v. *Coe*, 25 App. Div. 305; *Matter of Thrall*, 157 N. Y. 49; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *People* v. *G. & S. T. Co.*, 98 N. Y. 67; *People* v. *Jaehne*, 103 N. Y. 182; *Horton* v. *Cantwell*, 108 N. Y. 263; *Anderson* v. *Anderson*, 112 N. Y. 104; *Hearst* v. *Shea*, 156 N. Y. 169.)

*John Mason Knox* for the Roosevelt Hospital, respondent. Chapter 382 of the Laws of 1900 does not affect the charter of the Roosevelt Hospital, either directly or by implication, and must be limited strictly, and not construed in any way as against the taxpayer and in favor of the state. (*Matter of The Evergreens*, 47 N. Y. 216; *Matter of Howell*, 34 Misc. Rep. 40.)

*Stanley W. Dexter* for Children's Aid Society, respondent. The provisions of the Tax Law (L. 1896, ch. 908, art. 10) do not apply to transfers of property to the Children's Aid Society by grant, bequest or otherwise, as said society is exempt from taxation by a special act, viz., chapter 468, Laws of 1868. (*Matter of Howell*, 34 Misc. Rep. 40.) Section 220 of the Tax Law has never been expressly repealed, and repeals by implication are not favored in the law. (23 Am. & Eng. Ency. of Law, 489; *People ex rel.* v. *Bd. Suprs.*, 103 N. Y. 541; *Mark* v. *State*, 97 N. Y. 572; *McCartee* v. *O. A. Society*, 9 Cow. 437; *Wallace* v. *Bassett*, 41 Barb. 92; *Smith* v. *People*, 47 N. Y. 330; *Armbruster* v. *Wilson*, 43 Hun, 261.)

LANDON, J. Charles P. Huntington, late of the city of New York, died April 20, 1900. By his last will and testament he bequeathed a separate legacy of $20,000 to each one of the following charitable corporations, each of which was incorporated under the laws of this state, namely, the Roosevelt Hospital, the Children's Aid Society, the New York Society for the Relief of the Ruptured and Crippled, and the American Female Guardian Society and Home for the Friendless. The surrogate in proceedings for appraisal under the

statute relative to the taxable transfers of property, under the last will and testament, adjudged each one of the four legacies to be exempt from the transfer tax. The Appellate Division held the transfer of the legacy to the Roosevelt Hospital to be exempt, and also the transfer of the legacy to the Children's Aid Society, but held the transfer of the legacy to each of the other societies not exempt, but taxable. That the real and personal property of each one of these charitable societies is exempt from general taxation under the provisions of section 4, subdivision 7, of the General Tax Law, chapter 908, Laws of 1896, is not questioned. Section 220 of the same act imposes a tax of five per centum "upon the transfer of any property, real or personal, of the value of $500 or over, * * * to persons or corporations not exempt by law from taxation on real or personal property," in certain cases, including a transfer by will by a resident of the state. Under these two sections, without more, it is plain that these legacies would be exempt from the transfer tax. But chapter 382, Laws of 1900, took effect April 11, 1900, nine days before Mr. Huntington's death. It was entitled "An act to amend the tax law, relating to taxable transfers of property." The law relating to taxable transfers of property, including section 220, above cited, is contained in article 10 of the General Tax Law.

The act of 1900 provides:

"Section 2. Article 10 of such chapter is hereby amended by adding a section to be section two hundred and forty-three to read as follows:

"Section 243. Exemptions in article one not applicable.—The exemptions enumerated in section 4 of the Tax Law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article 10 hereof."

Manifestly it was intended by this new section to make the exemptions in section 4 of the General Tax Law no longer applicable to the exemptions under the Taxable Transfer Law, and no longer the rule by which such exemptions

should exist or be determined. This was the view of the Appellate Division, in which we concur. But apart from the exemptions from general taxation declared by subdivision 7 of section 4 of the Tax Law, the Roosevelt Hospital claims exemption from taxation by virtue of its charter, being chapter 4, Laws of 1864, and that act expressly provides that its property, real and personal, shall be exempt from taxation. Chapter 468, Laws of 1865, expressly provides that the real and personal property of the Children's Aid Society shall be exempt from taxation, and the Consolidation Act for the city of New York, chapter 410, Laws of 1882, section 824, subdivision 12, contains the like exemption. The New York Society for the Relief of the Ruptured and Crippled is not so exempted either by its charter or any special act. Nor is the property of the American Female Guardian Society and Home for the Friendless exempted by its charter or any special act. The Appellate Division held that the special exemptions of the property of the Roosevelt Hospital and of the Children's Aid Society left each of these societies within the exemption declared by section 220 in article 10 of the Tax Law relating to taxable transfers, but that the other two societies, having no such special exemptions, and claiming exemption only under subdivision 7 of section 4, were deprived of such exemption by chapter 382 of the Laws of 1900, above quoted.

We do not think there is any escape from the conclusion of the learned Appellate Division unless the contention of the comptroller is found to be valid. That contention is, that the Tax Law was such a revision and substitute for all former statutes, general and special, upon the subject of exemption from taxation as to supersede and repeal them by implication, thus repealing, among others, the provisions of the special acts which exempted the property of the Roosevelt Hospital and the Children's Aid Society, and taking from these societies their special exemptions and leaving them in the class enumerated in subdivision 7, section 4 of the Tax Law, and thus section 243, added by the act of 1900, makes the legacies to them taxable transfers.

The Tax Law was prepared by the commissioners of stat-
utory revision created by chapter 289, Laws of 1889, which
provided, among other things, that the commission should
prepare and report to the legislature a bill for the consolida-
tion and revision of the general statutes of the state "relating
to the collection and assessment of taxes and the exemption of
property from taxation throughout the state." The commis-
sioners, in submitting the bill to the legislature in 1896,
accompanied it with their report, in which they remarked:
"The tax laws of the state are quite conflicting and confused
and a revision is very desirable. In preparing the draft of the
bill submitted herewith, the commission has tried to preserve, as
far as possible, the substance of existing statutes, in order that
the bill may not meet the objection that it effects radical
changes. Various changes, however, have been necessary to
eliminate inconsistencies and to reduce the subject to a har-
monious and systematic whole." The report states: "There
has been no revision of the tax laws since the revised statutes
of 1828. *   *   *   Altogether there are about one hundred
acts supplemental to the revised statutes of 1828." "The
exemptions of property from taxation have also been largely
increased."

In 1875 section 18 of article 3 of the State Constitution
went into effect. It provided among other matters that "The
legislature shall not pass a private or local bill in any of the
following cases:   *   *   *   Granting to any private corpora-
tion, association or individual any exclusive privilege, immu-
nity or franchise whatever.   *   *   *   The legislature shall
pass general laws providing for the cases enumerated in this
section, and for all other cases which in its judgment, may be
provided for by general laws." The Tax Law of 1896 was
evidently intended to harmonize with the constitutional and
legislative policy thus indicated. Article 12 of the Tax Law
contains a schedule of one hundred and fifty-three acts and
parts of acts which are expressly repealed by the Tax Law.
This schedule does not mention the special acts exempting
either the Roosevelt Hospital or Children's Aid Society, or,

so far as our examination extends, any act in which a corporation designated by name is exempted.

It is to be noticed that subdivision 7, section 4 of the general statute providing for exemptions, preserves, to use the language of the commission, "the substance of existing statutes" in respect of the exemption of the property of charitable corporations. It provides that "The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation or association shall be exempt from taxation."

With such a general statute the corporations and associations enumerated in the subdivision need no special statute, unless, as is not here suggested, they use their property for purposes foreign to those for which they were organized. Unless they do so use it, there is no question of repugnancy or inconsistency between the general and private statute. Conceding a repugnancy to the extent that private enterprise, masked under charitable privilege, should not be exempt, and we have a stronger reason for the repeal by implication of the exemptions which the special acts granted in this respect. The greater act seems to include all the less. Nor is there any suggestion that the private statute has some special fitness to the peculiar condition of any of these corporations, designated by name in such statute, which the general statute does not embrace. The only apparent reason for keeping the private statute alive is to secure a way of escape from the force of section 243, added to the Tax Law in 1900. It is not to be supposed that the framers of the Tax Law or of section 243 intended to keep such a way open. Manifestly the legislature intended by the addition of that section to subject all legacies

exceeding $500 to the corporations and associations enumerated in subdivision 7 of section 4 to the transfer tax. Whatever we may think of such an assault upon charitable transfers we must recognize it. We cannot suppose the absurdity that the legislature intended to pluck one society and spare another for no other reason than that one was exempted by one statute and the other by two.

In our opinion the legislature intended by the Tax Law of 1896 to provide, pursuant to the Constitution, for this particular class of immunities from taxation, and to cover, as the act constituting the commissioners of statutory revision required, the whole field of " the collection and assessment of taxes and exemption of property from taxation throughout the state," so far, at least, as their view of the subject extended.

The Revised Statutes of 1828, like the Tax Law of 1896, declared all real and personal property within the state to be liable to taxation, subject to the exemptions therein specified, but the exemptions were not broad enough to embrace the many charitable societies, great and small, which have since multiplied and developed with the growth of the state, and hence exemption was sought in many individual cases by special acts. (See *Catlin* v. *Trustees of Trinity College*, 113 N. Y. 133.) To revise, restate and in some respects reform the tax laws, and especially the scheme of exemptions so as to fit it to the greatness of the state and its policy as declared in its Constitution, required something like the Tax Law of 1896.

The organized charities and benevolent agencies which actually relieve human misery, and labor in unselfish devotion to improve the moral and physical condition of mankind, are alike the fruits and aids of good government, and to exempt their property — usually the gifts of the benevolent — from the burdens of taxation is scarcely less the duty than the privilege of the enlightened legislator. Clearly this exemption should be placed upon broad, equitable grounds, quite above the injurious imputations sometimes resulting from individual or special exemptions. We suppose this spirit pre-

vailed in framing the exemptions relating to these charities and benevolent agencies.

The general rule of the liability to taxation of all property within the state was preserved, and the exemptions classified in such comprehensive phrase as to make all prior private and special exemptions unnecessary so far as the general act conferred the same exemptions as the special and private acts, and repugnant and inconsistent so far as the special and private acts conferred greater immunities and exemptions than the general act. If these views are correct, it was not necessary to search out the many private statutes conferring exemptions and to enumerate them in the schedule of the repealed statutes. In the construction of a statute of so much moment, enacted as the result of long experience, much discussion and great consideration, the rule that effect must be given to the intent of the legislature, if the language of the enactment will permit, is of commanding force. (*Matter of Dobson*, 146 N. Y. 357; *People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175; *Matter of Thrall*, 157 N. Y. 46; *People ex rel. Catholic Union* v. *Sayles*, 32 App. Div. 203; affirmed, 157 N. Y. 679.)

It follows that the property of none of these societies is exempt from taxation, except under subdivision 7, section 4 of the Tax Law, and as the exemptions therein enumerated are not applicable to exemptions from taxable transfers, the legacy to each society is subject to the transfer tax.

The order of the Appellate Division is affirmed as to the New York Society for the Ruptured and Crippled and the American Guardian Society and Home for the Friendless, and reversed as to the Roosevelt Hospital and the Children's Aid Society, and the transfer tax imposed upon each legacy, without costs.

PARKER, Ch. J. (dissenting). Section 220 of the General Tax Law (Chapter 908 of the Laws of 1896) imposes a tax of five per centum "upon the transfer of any property, real or personal, of the value of five hundred dollars or over,

*   *   *   to persons or corporations not exempt by law from taxation on real or personal property " in certain cases, including a transfer by will by a resident of the state.   The charter of the Roosevelt Hospital expressly provides that its property, real and personal, shall be exempt from taxation (Chapter 4 of the Laws of 1864) and the property of the Children's Aid Society was made exempt from taxation by special act (Chapter 468 of the Laws of 1868).   Unless such exemption provisions have been repealed, section 220 of the General Tax Law does not impose a tax upon the transfer of property to them under the Huntington will.   It is conceded that there has been no express repeal, and it. is contrary to the general rules of interpretation of statutes to hold that the provisions of a charter or special act of the legislature conferring rights are repealed by mere implication.   (*Clarkson* v. *Hudson River R. R. Co.*, 12 N. Y. 304.)

But I am unable to find anything in the General Tax Law of 1896 indicating a legislative intent to repeal, or affecting in the slightest degree the charters or special acts exempting the property of charitable corporations from taxation.   On the contrary, subdivision 7 of section 4 of that law expressly exempts from taxation the real and personal property of all corporations or associations " organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes."   So if the corporations in question had not already been exempt by special provisions of law this provision would have exempted their property from taxation.   A provision which seeks to secure to all charitable corporations exemption from taxation certainly cannot be said to suggest a legislative intent to repeal charters containing like exemptions.

After the General Tax Law went into effect, then, the Roosevelt Hospital and the Children's Aid Society were exempt from the transfer tax because by their charters their

real and personal property was exempt from taxation. The property of other charitable organizations was also exempt because the real and personal property of all corporations in that class was exempted from taxation by subdivision 7 of section 4 of the General Tax Law.

All continued to be thus exempted until the enactment of chapter 382 of the Laws of 1900, which added a section to article 10 of the Tax Law, which article related to transfers of property and of which article section 220 forms a part. The section added is number 243 and reads as follows:

"Exemptions in article one not applicable.—The exemptions enumerated in section four of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article ten hereof."

After that section took effect, corporations and associations depending upon subdivision 7 of section 4 for exemption of their real and personal property from taxation, became subject to a tax upon transfer of property under section 220, but corporations exempted by other legislative enactments were not affected by it for the section was in terms applied and limited to section 4 of the Tax Law. And so we held inferentially in *Matter of Thrall* (157 N. Y. 46). There the question was whether a bequest by will to a municipal corporation was subject to the transfer tax, and we held that it was not because its property held for a public use within the corporate limits was exempt by law from taxation and, that being so, section 220 did not impose a transfer tax upon it.

The argument that the result is an inequitable one cannot be answered, but the responsibility for it rests with the legislature, not with the courts, for the latter must read a statute, clear and precise in its terms as this one is, as they find it and not add to or take from it for the purpose of curing a supposed blunder of the legislature. (*Johnson* v. *Hudson River R. R. Co.*, 49 N. Y. 462.)

The order should be affirmed, with costs.

BARTLETT, MARTIN and VANN, JJ., concur with LANDON, J.; O'BRIEN and HAIGHT, JJ., concur with PARKER. Ch. J.

Order affirmed as to the New York Society for the Ruptured and Crippled and the American Guardian Society and Home of the Friendless, and reversed as to the Roosevelt Hospital and the Childrens' Aid Society and the transfer tax imposed upon each society, without costs.