MAGNOLIA METAL CO., Respondent, v. DREW et al., Appellants. (Supreme Court, Appellate Division, First Department. April 9, 1903.) Acticn by the Magnolia Metal Company against Edward E. Drew and others. J. D. Fessenden, for appellants. A. S. Bacon, for respondent. No opinion. Order affirmed, with costs.

MAGNOLIA METAL CO., Respondent, v. DREW et al., Appellants. (Supreme Court, Appellate Division, First Department. April 24, 1903.) Action by the Magnolia Metal Company against Edward E. Drew and another. J. D. Fessenden, for appellants. A. S. Bacon, for respondent. No opinion. Judgment affirmed, with costs.

MANHEIM, Respondent, v. SEITZ, Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1903.) Action by Julius Manheim against Michael Seitz. No opinion. Judgment affirmed, with costs.

MANHEIM, Respondent, v. SEITZ, Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1903.) Action by Julius Manheim against Michael Seitz. No opinion. Motion for reargument denied.

MARSH, Appellant, v. WEDDERSPOON, Respondent. (Supreme Court, Appellate Division, Third Department. March 11, 1903.) Action by Girdon Marsh against George M. Wedderspoon. No opinion. Judgment affirmed, with costs.

MARTIN, Respondent, v. GILLETT et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 10, 1903.) Action by Frank Martin against James B. Gillett and others. PER CURIAM. Judgment affirmed, with costs. WILLIAMS and HISCOCK, JJ., dissent.

MARX, Respondent, v. WOLKOWISK, Appellant. (Supreme Court, Appellate Division, Second Department. March 13, 1903.) Action by Harris Marx against Chevra Anshe Wolkowisk. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

In re MEAGHER. (Supreme Court, Appellate Division, First Department. April 24, 1903.) In the matter of William J. Meagher. No opinion. Reference ordered.

MEIGGS, Respondent, v. HOAGLAND, Appellant. (Supreme Court, Appellate Division, Second Department. March 20, 1903.) Action by Mary A. Meiggs against Raymond Hoagland. No opinion. Order signed.

MEIGGS, Respondent, v. HOAGLAND, Appellant. (Supreme Court, Appellate Division, Second Department. May 1, 1903.) Action by Mary A. Meiggs against Raymond Hoagland. No opinion. Motion for reargument denied.

MENTZ, Appellant, v. SUN PRINTING & PUBLISHING ASS'N, Respondent. (Supreme Court, Appellate Division, Second Department. May 1, 1903.) Action by Julius Mentz against the Sun Printing & Publishing Association. No opinion. Order affirmed, with $10 costs and disbursements.

In re MEYER'S ESTATE. (Supreme Court, Appellate Division, First Department. April 24, 1903.) In the Matter of Frederick W. Meyer, deceased. C. C. Marshall, for appellant. G. M. Judd, for respondent. No opinion. Order affirmed, with costs, on the authority of Matter of Huntington's Estate, 168 N. Y. 399, 61 N. E. 643.

MICHEL, Respondent, v. FRICK CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 20, 1903.) Action by John Michel against the Frick Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Affirmed. Tallmadge W. Foster, for appellant. William Van Wyck, for respondent.

PER CURIAM. Judgment affirmed, with costs.

GOODRICH, P. J. (dissenting). This action is brought to recover commissions under a written agreement, signed by the plaintiff and "Frick Company, per L. Howard Jenks," dated March 22, 1900, wherein was a promise to pay the plaintiff $1,000 "as a commission, which sum is to be paid out of the first payment, when contract is signed and delivered, if a 60-ton ice-making plant is sold to the Puritan Spring Hygeia Ice Co." Plaintiff agreed "to use all of his personal influence to bring about a sale of the above-mentioned ice plant." The plaintiff recovered a verdict, and the defendant appeals. In charging the jury, the court submitted three questions of fact: (1) Was Jenks, an agent of the defendant, authorized to make the contract, or was he held out by the defendant as such? (2) Did the plaintiff do what he agreed to do under the contract, viz., use all his personal influence to bring about the sale in question? (3) Was there a sale by the defendant to the Norwich Company of a 60-ton ice making plant? The defendant had moved, at the close of the plaintiff's evidence, and also at the close of the whole evidence, for a dismissal of the complaint, substantially on the ground that the plaintiff had failed to prove the affirmative of these three propositions. The exception to the denial of this motion, in connection with the exceptions to the charge on the same questions, presents the subjects to be considered on this appeal. The first question submitted by the court related to the agency or apparent authority of Jenks to make the contract with the plaintiff. Without summarizing the evidence, I think that there was sufficient to warrant the submission of this question to the jury. Second. Did the plaintiff do what he agreed to do, viz., use all his personal influence to bring about the sale? The complaint alleges the making of this contract on March 22d, which is its date, and sets out a copy of it as the basis of the action. In this contract he