(119 App. Div. 280)

PEOPLE ex rel. COOPER UNION FOR ADVANCEMENT OF SCIENCE AND ART v. GASS, County Register.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

TAXATION—EXEMPTIONS—REVOCATION—POWER OF LEGISLATURE.

Laws 1859, p. 630, c. 279, authorizes an individual to convey to the corporation created by the act land to be devoted to instruction in practical science and art, and provides that the property acquired by the corporation shall not be subject to taxation while appropriated to the uses of the corporation. The individual conveyed the premises, and the corporation acquired other property as endowments, and invested a part there-

of in a bond secured by mortgage on real estate. *Held,* that the mortgage was not subject to the mortgage tax imposed by Laws 1905, p. 2059, c. 729, as amended by Laws 1906, p. 1447, c. 532, though the Constitution and 1 Rev. St. p. 600, pt. 1, c. 18, tit. 3, § 8, in force at the time of the passage of the act of 1859, declare that acts for the creation of corporations may be altered or repealed; the reservation not extending to a charter based on an adequate consideration, under which property has been devoted to public use.

Appeal from Special Term, New York County.

Application for mandamus by the people of the state of New York, on the relation of the Cooper Union for the Advancement of Science and Art, against Frank Gass, register of the county of New York. From an order granting a motion for a peremptory mandamus, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

James A. Donnelly, for appellant.
Henry B. Closson, for respondent.

INGRAHAM, J. The relator was incorporated by chapter 279, p. 630, Laws 1859. This act authorized Peter Cooper, of the city of New York, to convey to a body corporate thereinafter created a block of land in the city of New York for the purpose of procuring and maintaining scientific collections, etc., and for other purposes. The deed by which the property was to be conveyed was set out in full. By it the property was to be devoted to the instruction and improvement of the inhabitants of the United States in practical science and art. The act then incorporates Peter Cooper and his associates as the Cooper Union for the Advancement of Science and Art. The corporation was authorized to accept the deed of the premises, and to hold the property therein mentioned, including all endowments at any time to be made to said corporation, subject to the conditions and restrictions created in said deed, and authorized and empowered it to do all and every act and thing whatsoever to carry out and accomplish every trust, intent, and purpose provided to be carried out or accomplished in the deed, and to receive all and every endowment made to it, and appropriate the same to the uses, intents, and purposes contemplated in the said deed. Section 11 (page 641) provides that the premises and property mentioned in said deed, and which should at any time belong to or be held in trust for the corporation or the trustees, including all endowments made to it, should not, nor should any part of it, be subject to taxation while the same should be appropriated to the uses, intents, and purposes of the corporation in said deed provided for. This corporation, being thus incorporated and having received from Peter Cooper a conveyance of the premises described in the deed set forth in the act, and also other property as endowments, invested a certain portion of its property in a bond for $10,000 secured by a mortgage upon certain real property in the county of New York, and on the 6th day of July, 1906, presented that mortgage to the register of the county of New York for record. The register refused to record the said mortgage unless the relator paid a tax of $50 required by chapter 729, p. 2059,

of the Laws of 1905, as amended by chapter 532, p. 1447, of the Laws of 1906. The relator refused to pay that tax, claiming that the property was, under the act of the Legislature, exempt from taxation for all time; and, the register refusing to record the mortgage without payment of the tax, this application for a mandamus was made, which was granted, and from this order the defendant appeals.

The tax was sought to be imposed under the provisions of section 292 of the tax law, added by chapter 532, p. 1449, of the Laws of 1906, which provides:

"No mortgage of real property situated within this state shall be exempt, and no person or corporation owning any debt or obligation secured by mortgage of real property situated within this state shall be exempt, from the taxes imposed by this article by reason of anything contained in any other statute, or by reason of any provision in any private act or charter which is subject to amendment or repeal by the Legislature, or by reason of nonresidence within this state, or for any other cause."

And by section 293 there was imposed a tax of 50 cents on each $100 of the principal debt or obligation which was secured by mortgage of real property within this state recorded on or after the 1st day of July, 1906. This relator was clearly liable for the tax, unless the exemption provided for by chapter 279, p. 630, of the Laws of 1859, was not subject to amendment or repeal by the Legislature. In 1902 the tax commissioners attempted to tax certain real property of this corporation, contending that the Legislature had intended to repeal the exemption contained in this act of 1859, whereupon, on application to the Supreme Court, the action of the tax commissioners was reversed; the Special Term holding that this act of 1859 was a contract between Peter Cooper and the state which the Legislature had no power to impair. Upon appeal that order was affirmed without opinion by this court and by the Court of Appeals. See 180 N. Y. 537, 72 N. E. 1147. This question was there decided. Subsequently, in the case of Pratt v. City of New York, 183 N. Y. 151, 75 N. E. 1119, it was held that the Legislature had power to repeal a provision in the charter of the Pratt Institute exempting its property from taxation. The prevailing opinion in that case was concurred in by two of the judges composing the court. The Chief Judge concurred upon the constitutional question discussed, and in the result upon the ground that the court was concluded by the case of Matter of Huntington, 168 N. Y. 399, 61 N. E. 643. Two judges dissented, and one took no part in the decision. The constitutional question as to the powers of the Legislature to modify the charter of the Pratt Institute thus seems to have received the direct concurrence of a majority of the courts. That decision was based upon the clause of the Constitution of 1846, which was in force when this act was passed and which is continued in the present Constitution of the state, that all general laws and special acts passed for the creation of corporations may be altered from time to time or repealed, and also upon the provision of the Revised Statutes (1 Rev. St. p. 600, pt. 1, c. 18, tit. 3, § 8), which was in force at the time of the passage of the act of 1859, that:

"The charter of every corporation that shall hereafter be granted by the Legislature shall be subject to alteration, suspension and repeal in the discretion of the Legislature."

If this act of 1859 did nothing more than incorporate the relator it is undoubtedly within the power of the Legislature to repeal this exemption. It is true that the relator was incorporated by the act, and that the act also exempts the property of the corporation from taxation. But there was a third party, who became, as it were, a party to the incorporation of the relator. That was Mr. Peter Cooper. The substantial situation was that he offered to convey a valuable estate to be applied to certain charitable uses for the benefit of the people of the state upon certain conditions. The Legislature in effect accepted that deed by incorporating the relator and authorizing the corporation to accept the conveyance of that property from Mr. Cooper. By the act the property thus conveyed was to be devoted to certain charitable uses. I assume that the Legislature could not step in and divert the property thus conveyed by Mr. Cooper to this corporation to a different use, or, under the power reserved by this constitutional provision, materially change the purpose for which this property was to be applied. As a part of the provision to insure the application of this entire property to the uses to which it was to be applied the state agreed that the property should be applied to such uses and the property should not be subject to taxation. Now, subjecting it to taxation is pro tanto appropriating the property which Mr. Cooper then or subsequently transferred to the corporation upon this arrangement; for it was provided that it should be exclusively applied for the purposes which he intended and in which the state acquiesced. If the state should impose upon this property a tax which would divest a portion of it, or of the income derived from it, from the purposes for which it agreed with Mr. Cooper it should be applied, under the guise of a modification of the charter of the corporation, I can see no reason why the state could not repeal the other provisions of the charter under which this property was to be applied solely for the purposes indicated by Mr. Cooper in the conveyance to the corporation and which was accepted by the state when it authorized the corporation to receive the deed and provided that the property thus conveyed to it should be applied to the purposes intended. This is more than a mere act incorporating the corporation. It is also a stipulation or agreement by the state that the property conveyed to the corporation should be exclusively applied to the purposes for which the corporation was incorporated; and the reservation of a right in the Constitution and general laws of the state to repeal or alter the charter would not extend to a clause based upon an adequate consideration under which valuable property has been devoted to public use, to change the terms under which the conveyance for the benefit of the property was made. As I view it, therefore, this is not a provision in the charter which is subject to revision or repeal by the Legislature, and therefore the general law imposing a tax upon mortgages did not apply.

For that reason, I think the order appealed from should be affirmed, with $50 costs and disbursements. All concur.