[4] If these views be correct, then the judgment must be reversed, and if it were conceded that the facts could not be changed, or were so incontrovertibly established that they could not be changed upon a new trial, we would direct judgment in favor of the plaintiff for the relief asked. This, however, does not appear, and for that reason a new trial must be ordered before another referee, with costs to the appellants, against the respondent Gerard, to abide the event. Duclos v. Kelly, 197 N. Y. 76, 89 N. E. 875. All concur.

---

In re KUCIELSKI'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

TAXATION (§ 876*)—TRANSFER TAX—SUBJECTS.

   A legacy to Cooper Union, by a testator who died November 21, 1901, is subject to a transfer tax, though Laws 1859, c. 279, § 11, exempted from taxation property of and endowments to the Union.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 876.*]

Appeal from Order of Surrogate, New York County.

In the matter of the transfer tax upon the estate of Felix Kuciel-ski, deceased. From an order of the surrogate, declaring a legacy exempt, appeal is taken. Reversed, and order fixing tax reinstated.

See, also, 128 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry A. Miller, for appellant.
H. B. Closson, for respondent.

MILLER, J. The question in this case is whether a legacy of $5,000 to Cooper Union, given by a testator who died on the 21st day of November, 1901, is subject to a transfer tax. Cooper Union was incorporated by chapter 279 of the Laws of 1859, which authorized Peter Cooper to convey to the corporation certain premises for the purpose of founding a public institution for the purposes therein set forth. Section 11 provided:

   "The premises and property mentioned in the said deed and which shall at any time belong to or be held in trust by the corporation hereby created or the trustees thereof, including all endowments made to it, shall not, nor shall any part thereof, be subject to taxation while the same shall be appropriated to the uses, intents and purposes hereby and in the said deed provided for."

The learned surrogate held, on the authority of People ex rel. Cooper Union v. Wells, 180 N. Y. 537, 72 N. E. 1147, that the legacy was not taxable.

Cooper Union and Roosevelt Hospital are in the same class, in so far as the exemption clauses in their charters may be regarded as inducements held out by the Legislature and acted upon by their founders. The Court of Appeals in at least four cases has passed upon the

question as to what extend the said exemption clauses have been repealed by the general tax law (Laws 1896, c. 908). Matter of Huntington, 168 N. Y. 399, 61 N. E. 643; People. ex rel. Cooper Union v. Wells, 180 N. Y. 537, 72 N. E. 1147; People ex rel. Cooper Union v. Gass, 190 N. Y. 323, 83 N. E. 64, 123 Am. St. Rep. 549; People ex rel. Roosevelt Hospital v. Raymond, 194 N. Y. 189, 87 N. E. 90. It is therefore sufficient for us to ascertain precisely what was decided in those cases.

In Matter of Huntington it was decided that a legacy, given to the Roosevelt Hospital by a testator who died in 1900, was subject to the transfer tax; in People ex rel. Cooper Union v. Wells, it was decided that real property, conveyed by Edward Cooper and Abraham S. Hewitt, trustees of Peter Cooper and Edward Cooper and Sarah Amelia Hewitt, devisees and heirs at law of Peter Cooper, and which was leased by the relator for revenue, was not subject to assessment for general taxation; in People ex rel. Cooper Union v. Gass, a mortgage, representing funds received by the relator from endowments, and not in any manner proceeding from its founder, was held to be subject to the mortgage tax; and in People ex rel. Roosevelt Hospital v. Raymond, it was decided that the property of the relator, derived from the' estate of its founder, was not assessable for purposes of general taxation. It will thus be seen that the first case is decisive of this, unless it was overruled by the subsequent decisions.

No opinion was written in People ex rel. Cooper Union v. Wells, either at the Appellate Division or in the Court of Appeals. But the discussion in People ex rel. Roosevelt Hospital v. Raymond shows that the Court of Appeals considered that case as though the property sought to be assessed was derived from the original founder or his estate. In People ex rel. Cooper Union v. Gass, the decision was put upon the broad ground that the charter of Cooper Union was only a quasi contract, revocable at the will of the grantor, and, while it was pointed out that the mortgage in question represented funds received from endowments, not proceeding from the property conveyed by the founder, the decision was not put upon that distinction.

It is to be noted that the section of the mortgage tax law involved in that case (Laws 1906, c. 532, § 292, now Consol. Laws 1909, c. 60, § 252), while very broad in its language, did not directly mention said chapter 279 of the Laws of 1859. In People ex rel. Roosevelt Hospital v. Raymond, the earlier decisions were discussed by Judge Gray, writing for a majority of the court, and, though their application was limited to the precise state of facts involved in each, none of them were overruled. Judge Gray conceded that the reserved power to alter or repeal existed, and expressly based the decision upon the ground that the property in question was derived from the estate of James H. Roosevelt, the founder. He said:

"Under the rule of that case [referring to Matter of Huntington], whatever property was acquired by the Roosevelt Hospital, subsequently, from other sources than Roosevelt's estate, became subject to taxation upon the passage of the general tax law of 1896, unless it was covered by the provisions for exemption in section 4 of the statute."

128 N.Y.S.—49

It follows that this case is controlled by Matter of Huntington and People ex rel. Cooper Union v. Gass, supra.

The order appealed from should be reversed, with $10 costs and disbursements, and the order, fixing the tax, reinstated. All concur.